155 So. 920

### Bert JACO v. STATE.

8 Div. 908.

Court of Appeals of Alabama.
June 5, 1934.

Taylor, Richardson & Sparkman, of Huntsville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

RICE, Judge.

Appellant, a lad not yet (on the day of his trial) 19 years of age, was out with "Papa's car."

Charlie McWhirter, deceased, himself a young man, though several years older than appellant, and married, was out with his car.

Appellant and deceased "had a little difficulty or trouble" in front of Bud Mullin's home on Franklin street in the city of Huntsville, caused, as claimed by Walter McWhirter, a brother of deceased, in his testimony, and apparently not disputed, by appellant's "ramming his car into Charlie's." In this difficulty Charlie had a knife, appellant claimed, and "cut my (appellant's) clothes."

Some fifteen or twenty minutes after this difficulty, appellant appeared in the home (boarding place) of Charlie McWhirter, in another part of the city, where, after being admitted into the front door of the home by a party who was working there and answered his (appellant's) knock on the door, he disregarded this party's invitation to go into a waiting room, but walked immediately back through the hall of the home to the kitchen of the house, where he killed, with some four shots from a ".45 Army Colt" pistol, Charlie McWhirter.

To be sure, he claimed in his testimony that he went to the home of deceased only in response to a message from him, delivered to him by a mutual friend, after the difficulty on Franklin street, to the effect that Charlie wanted to "see him," and that he took the precaution of satisfying himself by inquiring of said friend that Charlie was "not mad."

However, he carried the ".45 Army Colt" along, equipped, as appears, for quick and deadly action.

The record, on appeal, would seem to furnish much food for speculation by psychologists or criminologists and abundant incentive for renewed study and activity by sociologists. But, so far as we can observe, the work falling within the scope of the duties of the appellate court is of the simplest nature.

654

The record is regular in all respects. Above we have given a fair picture of about all that was involved in the trial of the case.

True, appellant disclaimed any intention of working harm to the deceased when he entered his home; his testimony being to the effect that, when he came to where deceased was, he merely "asked Charlie what he wanted to see me (him) about and what did he do me like he did that afternoon for," and that Charlie replied, "Well, I done it," and "commenced to shove me (him)," and hit him with his fist, and commenced "backing off and reached for his bosom" (where deceased had a pistol), etc.

All the conflicting issues raised were fairly submitted to the jury trying the case.

We find no ruling made to have been of other than an obviously correct or nonprejudicial nature. None of them merit detailed or specific treatment.

The judgment of conviction is affirmed.

Affirmed.